UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE SMITH,<br><br>    Petitioner,<br><br>  v.<br><br>G. D. ADAM, Warden,<br><br>    Respondent.<br>                                     / | No. C 11-00162 JSW (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND CERTIFICATE OF APPEALABILITY** |

## INTRODUCTION

Petitioner Duane Smith, a California prisoner proceeding *pro se*, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus. The Court ordered Respondent to show cause why the writ should not be granted. Respondent filed an answer and a memorandum of points and authorities in support, and has lodged exhibits with the court. Petitioner filed a traverse. For the reasons set out below, the petition is DENIED.

## BACKGROUND

**I.    Procedural Background**

On February 20, 2008, Petitioner was convicted in Alameda County Superior Court of first degree murder (Cal. Pen. Code § 187(a)), with a special circumstance finding that Petitioner committed the murder while engaged in the attempted commission of a rape (Pen. Code § 190.2(a)(17)(C)). On April 21, 2008, the trial court sentenced Petitioner to life imprisonment in state prison without the possibility of parole.

On August 1, 2009, the California Court of Appeal affirmed the conviction, and the California Supreme Court denied a petition for review on October 22, 2009. Petitioner filed the instant federal petition on January 11, 2011.

## II.   Factual Background

The Court of Appeal summarized the facts of the case as follows:

In August 2007, Duane Smith was charged by information with the special circumstance murder of Christie Mefford during the attempted commission of a rape. (Pen. Code, §§ 187, subd. (a); 190.2, subd. (a)(17)(C).) Before trial, the court granted the prosecutor's motion to admit evidence of an uncharged rape of Smith's ex-wife to prove his propensity to commit sexual offenses, pursuant to Evidence Code section 1108. [FN1]

>    FN1. All statutory references are to the Evidence Code unless otherwise indicated.

*The Trial Evidence*

At about 2:00 a.m. on October 9, 1991, Christie Mefford's body was found lying beside a car outside a Hayward homeless shelter. She was naked from the waist down, and she had black eyes, a bloody and fractured nose, bruises and scrapes on her face, neck and body, and bite marks on her torso. A pair of black stretch pants and underwear, which were tangled and turned inside out, were discovered on the other side of a fence near Mefford's body. An autopsy determined that strangulation was the cause of her death. There was no physical evidence (vaginal trauma, pubic hair or semen) of a sexual assault.

The car next to Mefford's body belonged to Stephen Dinneen, a sometime resident of the homeless shelter. Dinneen had given Mefford permission to sleep in his car on the night she was killed.

Swabs from bite marks on the victim were preserved as evidence. In about 2005 or 2006, DNA found in two of those swabs was matched to Smith's DNA profile. [FN2]

>    FN2. The frequency ratio for the defendant's DNA profile was one in 4.5 quadrillion African-Americans, one in 100 quadrillion Caucasians, and one in 66 quadrillion Hispanics.

Smith's ex-wife testified that in the fall of 1991 she and Smith lived on the same street as the homeless shelter, which Smith sometimes visited, purportedly to use the telephone. On one occasion in the early 1990's, she recalled that Smith came home at about 1:00 or 2:00 a.m. with blood on his clothes and scratches on his arms and face. Smith told her that he had been in a fight and she should not ask him any questions about it. On another occasion in the early 1990's, Smith took her to a public park in the evening, struck her on the face and ribs, forced her to disrobe and have sex with him, and kicked her as she lay on the ground. She lost hearing in her left ear as a result of the incident.

2

> Smith was interviewed by the police on December 1, 2005, December 16, 2005, February 9, 2006, and May 25, 2006. He made conflicting statements during these interviews and several admissions. He said, "I'm the guilty one"; he admitted having sex with Mefford; he admitted pulling her out of the car while she resisted; he admitted striking her with his fists multiple times after she had hit him and said he "just went crazy"; he admitted she was struggling with him when he struck her; he admitted pressing his forearm against her neck while she was lying on the ground; he admitted getting blood all over his shirt; and he admitted that, as he left the scene hurriedly after seeing someone approach, he was pulling up his pants.
>
> The jury returned a verdict of guilty and found the special circumstance to be true. Smith was sentenced to life without the possibility of parole.

Ans. Ex. 2 at 1-3.

## STANDARD OF REVIEW

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority under the first clause of Section 2254(d)(1) only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority under the second clause of Section 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but

"unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *See id.* at 409.

## ANALYSIS

Petitioner claims that his rights to due process and a fair trial were violated by a jury instruction which allowed the jury to use an uncharged sexual offense, *i.e.*, the rape of his ex-wife Roxanne Lewis, to find that the murder of Christie Mefford occurred during the course of an attempted rape. Petitioner claims that the instruction impermissibly lowered the standard of proof on the murder charge when it allowed the jury to find that he had committed the uncharged sexual offense by the preponderance of the evidence.

At trial, the court gave the following instruction on how to consider the prior act of misconduct:

> You may not convict the defendant unless the People have proved his guilt beyond a reasonable doubt; always keep that in mind. During the trial, certain evidence may have been admitted for a limited purpose. You may consider that evidence only for that purpose and for no other.
>
> The people presented evidence that the defendant committed a forcible rape of his spouse that was not charged in this case at another time. You may consider this evidence only if the People have proved by a preponderance of the evidence that the defendant in fact committed that uncharged offense. This is that one instance that I told you of a different standard of proof.
>
> Proof by a preponderance of the evidence is a different burden of proof than proof beyond a reasonable doubt. A fact is proved by a preponderance of the evidence if you conclude that it's more likely than not that the fact is true. If the People have not met this burden, you must disregard this particular evidence entirely. But if you decide that the defendant committed the uncharged offense, you may, but are not required to, consider that evidence for the limited purpose of deciding whether the victim in this case was killed in the commission of an attempted rape.
>
> However, it is only one factor to consider along with all the other evidence. It is not sufficient by itself to prove the additional allegation is true. The People must still prove each element of the charge beyond a reasonable doubt.

Reporter's Transcript ("RT") at 603-604, Ans. Ex. 5.

4

**United States District Court**
For the Northern District of California

The California Court of Appeal rejected this claim under binding California Supreme Court precedent:

> In *People v. Reliford*, our Supreme Court approved a materially indistinguishable jury instruction, the 1999 revised version of CALJIC No. 2.50.01. (*People v. Reliford* (2003) 29 Cal.4th 1007, 1009 (*Reliford*); see also *People v. Davis* (2009) 46 Cal.4th 539, 615-616 [rejecting a request to reconsider *Reliford*].) [FN4] As modified for Reliford's case, that instruction provided, in relevant part, "If you find that the defendant committed a prior sexual offense in 1991 involving S[.]B[.], you may, but are not required to, infer that the defendant had a disposition to commit the same or similar type [of] sexual offenses. If you find that the defendant had this disposition, you may, but are not required to, infer that he was likely to commit and did commit the crime of which he is accused." (*Reliford*, at p. 1012.) Much like the instruction provided in this case, the *Reliford* instruction continued, "However, if you find by a preponderance of the evidence that the defendant committed a prior sexual offense in 1991 involving S[.]B[.], that is not sufficient by itself to prove beyond a reasonable doubt that he committed the charged crime." (*Ibid*.)
>
>> FN4. Smith cites two federal appellate court decisions in support of his appeal, but the decision are not helpful since they address the constitutionality of the *1996* version of CALJIC No. 2.50.01. (*Gibson v. Ortiz* (9th Cir. 2004) 387 F.3d 812, 817 [habeas corpus review of a California conviction], overruled on other grounds by *Byrd v. Lewis* (9th Cir. 2009) 566 F.3d 855, 866; *Mendez v. Knowles* (9th Cir. 2009) 556 F.3d 757, 762 [same].) That instruction is distinguishable from the instruction provided in Smith's case in that it did *not* advise the jury that the uncharged sex offense "is only one factor to consider along with all the other evidence" or that "It is not sufficient by itself to prove the additional allegation is true. The People must still prove each element of the charge beyond a reasonable doubt." (CALJIC No. 2.50.01 (6th ed. 1996).)
>
> *Reliford* rejected the argument, also made by defendant here, "that, having found the uncharged sex offense true by the preponderance of the evidence, jurors would rely on 'this alone' to convict him of the charged offenses. The problem with defendant's argument is that the instruction nowhere tells the jury it may rest a conviction solely on evidence of prior offenses. Indeed, the instruction's *next sentence* says quite the opposite: 'if you find by a preponderance of the evidence that the defendant committed a prior sexual offense..., that is not sufficient by itself to prove beyond a reasonable doubt that he committed the charged crime.'" (*Reliford, supra*, 29 Cal.4th at p. 1013.) *Reliford's* reasoning is directly applicable to the instruction used in Smith's case.
>
> *Reliford* also rejected the argument that, by providing the jury could find that the defendant committed the uncharged sexual offense by a preponderance of the evidence, the instruction might mislead the jury into believing that it could convict the defendant of the *charged offense* by the preponderance of the evidence. (*Reliford, supra*, 29 Cal.4th at p. 1016.) The Court explained, "Nothing in the instruction authorized the jury to use the preponderance-of-the-evidence standard for anything other than the preliminary determination whether defendant committed a prior sexual offense.... The instructions

1  instead explained that, in all other respects, the People had the burden of
2  proving defendant guilty 'beyond a reasonable doubt.' [Citations.]... [¶] We
   likewise reject the Court of Appeal's assertion that the instruction, even if
3  correct, is too 'complicated' for jurors to apply." (*Ibid*.) Again, *Reliford's*
   reasoning is directly applicable to the instruction used in Smith's case.
4  Moreover, the instruction here, unlike the instruction under review in
   *Reliford*, affirmatively provided, "The People must still prove each element
5  of the charge beyond a reasonable doubt." (See *id.* at p. 1012.) [FN5]

6     FN5. *Reliford* endorsed the 2002 revision of CALJIC No. 2.50.01,
       which included similar language, as "an improvement" over the 1999
7      version of the instruction. (*Reliford*, *supra*, 29 Cal.4th at p. 1016.)

8  Ans. Ex. 2 at 4-6.

9       Former CALJIC Nos. 2.50.01 and No. 2.50.1 instructed the jury on how it may

10 consider evidence of prior, uncharged offenses for purposes of proving the charged crime.

11 These two instructions, when read together, lessened the prosecution's burden of proof by

12 allowing the "jury to find the [petitioner] committed the prior, uncharged sexual offenses by

13 a preponderance of the evidence and thus infer that he had committed the *charged* acts based

14 upon facts found not beyond a reasonable doubt, but by a preponderance of the evidence."

15 Gibson v. Ortiz, 387 F.3d 812, 821-23 (9th Cir. 2004) (emphasis in original); overruled in

16 part on other grounds by Byrd v. Lewis, 566 F.3d 855, 866 (9th Cir. 2009).

17      However, recent Ninth Circuit authority is in accord with the California Supreme

18 Court's holding in Reliford on the issue. See Schultz v. Tilton, 659 F.3d 941 (9th Cir. 2011)

19 (holding 2002 version of CALJIC 2.50.01 comports with due process). The Ninth Circuit

20 found that in contrast with the instructions given in Gibson, the 2002 version of CALJIC No.

21 2.50.01 "in no way suggests that a jury could reasonably convict a defendant for charged

22 offenses based merely on a preponderance of the evidence." Id. at 945. It further concluded

23 that "[r]eflecting the revisions made in both 1999 and 2002, the instruction given to

24 [defendant's] jury was unambiguous and made clear that [defendant] could be convicted only

25 if the evidence as a whole 'proved [him] guilty beyond a reasonable doubt of the charged

26 crime.'" Id. (citing Mendez, 556 F.3d at 770 (distinguishing Gibson where "several

27 instructions regarding the beyond a reasonable doubt standard were read to the jury after the

28 jury was given the preponderance of the evidence instruction").

6

There is no merit to Petitioner's claim that the jury instruction impermissibly lowered the standard of proof on the murder charge because it allowed the jury to find that he committed the uncharged offense based on the preponderance of the evidence. Rather, the instructions were very clear with respect to the standard of proof, beginning with the statement "You may not convict the defendant unless the People have proved his guilt beyond a reasonable doubt; always keep that in mind." See supra at 4. The jury was then instructed on the standard for consideration of the evidence of the uncharged offense as that of the preponderance of the evidence, which it clearly distinguished from proof beyond a reasonable doubt. Id. Furthermore, the jury was instructed that they must disregard the uncharged offense entirely if the People did not meet their burden of proof, and that even if they decided that defendant committed the uncharged offense, "you may, but are not required to, consider that evidence for the limited purpose of deciding whether the victim in this case was killed in the commission of an attempted rape." Id. The jury was also instructed that the uncharged offense was "only one factor to consider along with all the other evidence" and that the uncharged offense "is not sufficient by itself to prove the additional allegation is true." Lastly, the jury was reminded that "[t]he People must still prove each element of the charge beyond a reasonable doubt." Id. Accordingly, it cannot be said that the instruction at issue violated Petitioner's rights to due process or a fair trial by lowering the standard of proof or relieving the State of its burden of proving each element of the charged offense beyond a reasonable doubt.

Ultimately, Petitioner's arguments are indistinguishable from those presented by the petitioner in Schultz, which the Ninth Circuit found unpersuasive. 659 F.3d at 945. In Schultz, the Ninth Circuit held that the state appellate court "did not act contrary to federal law in applying the analysis from Reliford to uphold the 2002 version of CALJIC No. 2.50.01." Id. No different conclusion can be drawn here. Accordingly, the state courts' decision rejecting Petitioner's claim was not contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent.

7

**CONCLUSION**

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED. Petitioner has failed to make a substantial showing that his claim amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find this Court's denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: November 5, 2012

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DUANE SMITH,

    Plaintiff,

v.

G.D. ADAMS et al,

    Defendant.

Case Number: CV11-00162 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 5, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Duane Smith
T66962
P.B.S.P.
P.O. Box 7500
Crescent City, CA 95531

Dated: November 5, 2012

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk